**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1679

SARAH HYUNSOON NO,

       Debtor – Appellant,

v.

THOMAS PATRICK GORMAN,

       Trustee – Appellee.

------------------------------

PAULA STEINHILBER BERAN,

       Court-Assigned Amicus Counsel.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:17-cv-00135-GBL-IDD)

Argued:  May 10, 2018                     Decided:  May 24, 2018

Before DUNCAN and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Reversed and remanded by published opinion.  Judge Duncan wrote the opinion, in which Judge Agee and Senior Judge Shedd joined.

**ARGUED**:  Paula Steinhilber Beran, TAVENNER & BERAN, PLC, Richmond, Virginia, Court-Assigned Amicus Counsel.  Thomas Patrick Gorman, OFFICE OF THE CHAPTER 13 TRUSTEE, Alexandria, Virginia, Appellee.  **ON BRIEF**:  Marcelo R.

Michel, OFFICE OF THE CHAPTER 13 TRUSTEE, Alexandria, Virginia, for Appellee.

DUNCAN, Circuit Judge:

The U.S. Bankruptcy Court for the Eastern District of Virginia dismissed Appellant's bankruptcy case without a hearing under Local Bankruptcy Rule 3070-1(C),[1] and the district court affirmed. Because the plain language of 11 U.S.C. § 1307 requires a hearing, we reverse and remand.

I.

On November 30, 2016, Sarah Hyunsoon No filed a voluntary petition for Chapter 13 bankruptcy under § 301 of the U.S. Bankruptcy Code (the "Bankruptcy Code"). *See* 11 U.S.C. § 301. On December 15, 2016, No filed her "Amended Chapter 13 Plan and Related Motions" with attachments ("Chapter 13 Plan"). Bankruptcy Code § 1326 requires a debtor under these circumstances to "commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier," to the trustee. 11 U.S.C. § 1326(a)(1). No neither commenced payments within the time limit[2] nor appeared for a required meeting of creditors.

---

[1] Local Bankruptcy Rule 3070-1(C) provides that:
[E]ach chapter 13 debtor shall commence payments proposed by the plan not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, unless the Court has set some different time. If payments are not received as required, the trustee shall certify the same to the Clerk. Upon receipt of such a certification, the Clerk shall enter an order dismissing the case.
Bankr. E.D. Va. R. 3070-1(C).

[2] "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. § 301. The earlier of "30 days after the (Continued)

3

On January 13, 2017, Thomas P. Gorman, the Chapter 13 Trustee, filed a "Local Bankruptcy Rule 3070-1(C) Certification" stating that No had failed to commence timely payments as required by 11 U.S.C. § 1326. Local Bankruptcy Rule 3070-1(C) provides that "[u]pon receipt of such a certification, the Clerk shall enter an order dismissing the case." Bankr. E.D. Va. R. 3070-1(C). Gorman also separately filed a "Motion to Dismiss, Notice of Motion to Dismiss, and Notice of Scheduled Hearing on This Motion." This latter filing argued that dismissal was proper for three reasons: (1) No failed to attend the required meeting of creditors; (2) No failed to commence payments as required under § 1326; and (3) No's Chapter 13 Plan was not made in good faith.

The bankruptcy court scheduled a hearing on the motion to dismiss for February 9, 2017, with responses to be filed at least five days before that hearing, and it notified the parties.[3] However, the bankruptcy court dismissed the case on January 17, 2017, before the scheduled hearing could occur. Its dismissal relied solely on Local Bankruptcy Rule 3070-1(C) and Gorman's certification under that Rule that No had failed to commence timely payments. *In re No*, No. 16-14062-BFK (Bankr. E.D. Va. Jan. 17, 2017); J.A. 72.

No appealed to the district court. The district court affirmed, holding that "because the Local Bankruptcy Rules required the dismissal of [No]'s bankruptcy case,

---

date of filing of the plan or the order for relief," *see id.* § 1326(a)(1), would have been December 30, 2016. *See* Fed. R. Bankr. P. 9006.

[3] A few days later, Gorman also filed a separate motion objecting to the confirmation of the Chapter 13 Plan on good-faith and feasibility grounds. Because this motion did not implicate dismissal for failure to commence timely payments, it does not weigh in our analysis.

the Bankruptcy Court did not err when it dismissed the case prior to holding a motion to dismiss hearing." *No v. Gordon* (*In re No*), Ch. 13 Case No. 16-14062-BFK, Adv. No. 1:17-cv-135-GBL-IDD, slip op. at 3–4 (E.D. Va. April 28, 2017); J.A. 158–59. No appealed pro se to this court, and we assigned amicus curiae counsel to argue in support of her position.

## II.

The issue presented is whether Local Bankruptcy Rule 3070-1(C)'s procedure for dismissal of a voluntary bankruptcy case conflicts with the notice and hearing requirement of § 1307 of the Bankruptcy Code. We conclude that it does. We review such questions of law de novo. *See In re Frushour*, 433 F.3d 393, 398 (4th Cir. 2005).

Section 1307 of the Bankruptcy Code permits a bankruptcy court to, "on request of a party in interest or the United States trustee and after notice and a hearing, . . . dismiss a case under this chapter . . . for cause, including . . . failure to commence making timely payments under section 1326 of this title." 11 U.S.C. § 1307(c)(4). We read the plain text of this provision as permitting the dismissal of a bankruptcy case at a party's request for failure to commence payments under § 1326 only after opportunity for a hearing. Here, pursuant to the Local Bankruptcy Rule, the bankruptcy court dismissed No's case without the required hearing when the clerk received Gorman's certification that No had failed to commence timely payments.

On appeal, Gorman argues in part that the requirements of § 1307 "[p]rocedurally and technically" would not apply here because "this case was not dismissed upon the

5

motion of a party in interest or the U.S. Trustee," but rather on the court's own authority.[4] Appellee's Br. at 10. However, we note that § 1307 does not require a "motion" to dismiss, per se, but rather the "*request* of a party in interest or the United States trustee." *See* 11 U.S.C. § 1307(c)(4) (emphasis added). We view Gorman's certification under the Rule as constituting such a "request."[5]

Because § 1307 applies, we must reverse. Simply put, Local Bankruptcy Rule 3070-1(C) allows dismissal pursuant to 11 U.S.C. § 1326 without the hearing that 11 U.S.C. § 1307 requires. The tension between the Bankruptcy Code and the Local Bankruptcy Rule is manifest in the circumstances presented here. No was notified of a hearing on the motion to dismiss scheduled for February 9, 2017, upon which she had every reason to rely. But the bankruptcy court dismissed the case on January 17, 2017, before the scheduled hearing could even occur.

A local rule of bankruptcy procedure cannot be inconsistent with the Bankruptcy Code. *See* Fed. R. Bankr. P. 9029(a) (authorizing local bankruptcy rules "which are consistent with . . . Acts of Congress"). Therefore, we hold that Local Bankruptcy Rule

---

[4] Gorman's brief also raises other grounds upon which the bankruptcy court *could* have relied to dismiss No's case, including her failure to attend the required creditors' meeting and flaws in her proposed Chapter 13 Plan, but these arguments address neither the bankruptcy court's actual order nor the legal issue that we must decide on appeal.

[5] The Local Bankruptcy Rule states that "[i]f payments are not received as required, the trustee shall certify the same to the Clerk," then "[u]pon receipt of such a certification, the Clerk shall enter an order dismissing the case." Bankr. E.D. Va. R. 3070-1(C). This two-step procedure does not describe a sua sponte dismissal. Instead, the certifying party communicates information to the clerk which leads to dismissal. This is the functional equivalent of a "request" that the case be dismissed.

3070-1(C) is invalid to the extent that it is inconsistent with 11 U.S.C. § 1307's hearing requirement.

III.

For these reasons, we reverse and remand for proceedings consistent with this opinion.

*REVERSED AND REMANDED*